United States District Court
Southern District of Texas
**ENTERED**
June 30, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-10-752-1 |
| v. | § | |
| | § | |
| JOSE ANTONIO ORTIZ, JR., | § | |
| Defendant/Movant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Jose Antonio Ortiz filed a *pro se* Rule 60(b) motion to set-aside his conviction and sentence. D.E. 348. He challenges this Court's jurisdiction and complains of the criminal proceedings on multiple grounds.

A jury convicted Ortiz of three counts of drug trafficking in 2011. He was sentenced to 292 months imprisonment on each count to be served concurrently. The Fifth Circuit Court of Appeals affirmed. *United States v. Ortiz*, No. 12-40101, 507 Fed. App'x. 339, 340-41 (5th Cir. Jan. 9, 2013) (per curiam) (designated unpublished).

Ortiz filed a motion to vacate, set-aside or correct sentence in 2014. The Court denied the motion by Order and final judgment dated September 13, 2015. Ortiz sought to appeal from the denial, but the Fifth Circuit denied him a certificate of appealability. *United States v. Ortiz*, No. 15-41580 (5th Cir. Mar. 14, 2017). Ortiz then filed the present motion.

1

## MOVANT'S ALLEGATIONS

First, Ortiz argues that only the State of Texas, not the federal court, had jurisdiction over him. He also argues that his defense counsel provided ineffective assistance of counsel on numerous grounds, the federal court magistrate judge was biased against him, and he had no opportunity to file a motion to recuse the district court judge after his case was reassigned. In addition, Ortiz makes other arguments that the Court hesitates to paraphrase because they are not comprehensible.

## ANALYSIS

### A.   Federal Rule of Civil Procedure 60(b)

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2017).

In some instances, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2255); *Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not

raise a second or successive claim. *Gonzalez*, 524 U.S. at 532. Any other claim pursuant to either rule must be considered second or successive. *Id*. Ortiz does not attack the proceedings in his previous § 2255, but instead raises new claims and resurrects old ones.

**B.     Ortiz' Motion Is Second or Successive**

Ortiz is only entitled to a single § 2255 motion unless he obtains the permission of the Fifth Circuit Court of Appeals to file a second motion. *See Gonzalez*, 545 U.S. at 531; *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Ortiz' motion does not indicate that he has sought or obtained such permission. Without permission from the Fifth Circuit, this Court does not have the power to adjudicate his claims.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of

habeas relief."); *Williams v. Quarterman*, 293 Fed. App'x. 298 at *16 (5th Cir., Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion.").

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Ortiz is not entitled to a Certificate of Appealability on any of his claims. Reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## CONCLUSION

For the foregoing reasons, Ortiz' Rule 60(b) motion (D.E. 348) is DENIED. He is also denied a Certificate of Appealability.

ORDERED this 29th day of June, 2017.

*/s/ Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE